UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY PAYNE, Individually and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) GABRIELE, INC., d/b/a IL BEL LAGO, et al., ) ) ) Defendants. ) | Case No. 4:13CV2042 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motions to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for More Definite Statement, [Doc. No.'s 21 and 34]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are denied.

## BACKGROUND

Plaintiff is a former server at Il Bel Lago and purports to represent similarly situated employees of Defendants. Plaintiff asserts that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), Mo.Rev.Stat. §290.5271 by paying these employees less than the minimum wage. The FLSA and MMWL permit employers to pay less than the full hourly wage to tipped employees under a "tip

credit." The "tip credit" allows restaurants to take a credit against the minimum wage for employee tips. To qualify for the tip credit, restaurants must adhere to certain restrictions, including allowing employees to retain all of their tips. As an exception to that requirement, employees can participate in a "tip pool" whereby employees who receive tips directly from customers can pool their tips with other "customarily and regularly" tipped employees. Plaintiff asserts that Defendants required participation in a tip pool. Plaintiff also alleges that the tip pool required that Plaintiff and other similarly situated servers and bartenders share their tips with the managers. Plaintiffs contend that Defendants' misuse of tips and the requirement that they share their tips with managers invalidates Defendants' tip pool and nullifies Defendants' entitlement to claim a tip credit against the minimum wage.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure expressly provides for a pre-answer motion to dismiss for "lack of jurisdiction over the subject matter," but, because subject matter jurisdiction goes to the court's power to hear the case, "'[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction.'" *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir.2005) (quoting *GMAC Commercial Credit, L.L.C. v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir.2004)). When the challenge to subject matter jurisdiction comes

in the form of a Rule 12(b)(1) pre-answer motion, the question may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings. See *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993); *Osborn v. United States*, 918 F.2d 724, 729 & n. 6 (8th Cir.1990). In a facial challenge, the court must accept all factual allegations in the complaint as true, draw all inferences in the plaintiff's favor, and grant the motion to dismiss only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. See *Young America Corp. v. Affiliated Computer Services*, Inc., 424 F.3d 840, 843-44 (8th Cir.2005) (citing *Titus*, 4 F.3d at 593). On the other hand, when the parties rely on materials outside of the pleadings in asserting or opposing the motion, thereby turning the challenge into a factual one, the court is entitled to resolve factual issues to determine its jurisdiction. *McClain v. American Economy Ins. Co.*, 424 F.3d 728, 734 (8th Cir.2005) (citing *Osborn*, 918 F.2d at 728 & n. 4). As the Eighth Circuit Court of Appeals has explained, dismissal for lack of subject matter jurisdiction is appropriate only in those rare instances when the challenged claim "'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Trimble v. Asarco, Inc.*, 232 F.3d 946, 953 (8th Cir.2000) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

If a motion makes a facial attack, the court must afford the non-moving party the same protections as it would be entitled to receive under Rule 12(b)(6). *Osborn*, 918 F.2d at 729. On the other hand, if the motion makes a factual attack, the court may rely upon matters outside the pleadings when considering such attack, and the nonmoving party does not receive the benefits of Rule 12(b)(6)'s safeguards. *Id.*

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008)(citation omitted).

With respect to a motion for more definite statement under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." *McCoy v. St. Louis Pub. Schs,* 4:11CV918, 2011 U.S. Dist. LEXIS 118287, at *5 (E.D. Mo. Oct. 13, 2011) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. *Tinder v. Lewis County Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)(internal citations omitted).

## DISCUSSION

At issue in this case is whether Plaintiffs have alleged an employment relationship with respect to all of the Defendants under the FLSA and the MMWL. Under the FLSA and the MMWL, an "employer" is "any person acting directly or

indirectly in the interest of an employer." 29 U.S.C. §203(d); Mo.Rev.Stat. §290.500(4).[1]

In their Motion, Defendants assert that Plaintiff does not allege properly that, or which, Defendants were Plaintiff's employer(s). Defendant Giovanni's Restaurant, Inc. argues that Plaintiff never worked at Giovanni's Restaurant. The remaining defendants complain that Plaintiff has failed to set out facts which support the allegations in his Amended Complaint. Moreover, these defendants also complain that Plaintiff has failed to satisfy the requirements of Rule 23(a) for failing to contain sufficient allegations of a class.

In response, Plaintiff asserts that he has properly alleged a joint employment relationship with all of the defendants, and that he has sufficiently detailed the issues. Plaintiff contends he has alleged that defendants are a single integrated enterprise and joint employer of Plaintiff and similarly situated tipped employees under the FLSA and Missouri law. Plaintiff alleges Defendants engage in related activities and have interrelated operations, common management, centralized control of labor relations, and common ownership and financial control. Further, Plaintiff alleges that there was an arrangement between the locations whereby

---

[1] The full definition of "employer" under the FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. §203(d).

employees were shared and exchanged between the two restaurant locations and the individual Defendants performed management functions at both restaurant locations.

The Court finds that Plaintiff's Amended Complaint provides factual allegations to support an employment relationship between Plaintiff and Defendants under the extremely broad definition of employer under the FLSA and MMWL. Plaintiffs do more than merely state a legal conclusion that Defendants are their employers. Plaintiffs allege a joint employment relationship with all of the defendant legal entities. While Defendants challenge the specifics of the "when, where, who, and how" of Plaintiff's allegations, at this stage of the litigation, the Court finds that Plaintiff sufficiently alleges that all of the Defendants were his joint employers.

As to Defendants' claims that Plaintiff's class allegations are deficient, Defendants' complaints are more appropriately addressed through a challenge to certification under Rule 23. At this stage of the litigation, the Court is of the opinion that Defendants have been sufficiently apprised of Plaintiff's claims regarding the scope and extent of the proposed class.

## CONCLUSION

Based upon the applicable law and the allegations contained in the Amended Complaint, Plaintiff satisfies the pleading requirements of Rules 12(b)(1), 12(b)(6)

and Rule 23. Later discovery will provide necessary details, which may or may not establish that summary judgment may be an appropriate manner of disposition.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss Amended Complaint or, in the Alternative, Motions for More Definite Statement, [Doc. No.'s 21 and 34] are **DENIED**.

Dated this 1st day of August, 2014.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE